## G. H. SCHOELLKOPF v. W. M. CAMERON.

Decided November 2, 1898.

**Business Homestead—Abandonment—Public Office.**

A shoemaker, elected county treasurer for two terms and having an office as such in the courthouse, but who occasionally during that time worked at repairing shoes in his own shop, can not be held as matter of law to have abandoned such shop as his business homestead.

APPEAL from Coleman. Tried below before Hon. J. O. WOODWARD.

*P. J. Ledbetter,* for appellant.

FISHER, CHIEF JUSTICE.—This is an action by the appellant in trespass to try title, to recover of Cameron the lot in controversy, situated in the town of Coleman. Judgment below was rendered in favor of appellee.

The lot formerly belonged to one J. F. Cannady, who in 1894 sold the same to appellee. Cameron. Plaintiff claimed the same by virtue of title acquired at sale under execution issued on a judgment against Cannady. This judgment was recorded and abstracted in Coleman County on the 6th day of June, 1892. The execution sale under which plaintiff purchased was subsequent to the sale by Cannady to Cameron.

The only controverted issue of fact in the case is whether the property at the time Cannady sold to appellee was subject to appellant's judgment lien; it being contended that subsequent to the recording and abstracting of the judgment, and also prior to that time, and up to the time that the sale was made to Cameron, the property was exempt as the place of business at which Cannady carried on the business of making and repairing boots and shoes, etc.

It appears that in the fall of 1890 Cannady was elected county treasurer of Coleman County; and was re-elected in the fall of 1892, he having

served two full terms in that office; and that during that time a room was furnished him in the courthouse in which to perform his official duties. Prior to his election he had been continuously engaged in the shoe business, and for several years prior thereto he was occupying the premises in question. He states in his evidence that he never entirely abandoned his occupation as a shoemaker, and that it was his intention to resume that business when his term of office expired. And there is evidence in the record which shows that during his first term of office he carried on his shoemaking business in the premises in question mostly by hired hands; and there is some evidence which tends to show that during his second term of office, up to the time that he sold to Cameron, he occasionally used and occupied the premises in question for the purpose of repairing shoes; and unless the election to the office of county treasurer, ipso facto, operated as an abandonment of the business in which he was previously engaged, we must hold from the testimony in the record that the judgment on the facts is not wholly unauthorized; and there is some testimony upon which to support it, although it may not be of the most convincing character.

There are decisions to the effect that one engaged in the performance of his public duties as an officer is entitled to a place of business wherein he may perform those duties, and that the statute would exempt such a place where his official duties were performed from forced sale; but there is no decision holding in terms that the election to an office and the performance of the duties required of the officers, of itself, will necessarily operate as an abandonment of any previous business in which the officer may have been engaged. There is no inconsistency between the duties required of the county treasurer and the business carried on by a shoemaker. Of course it is not intended by the law that one engaged in these different branches of service should be entitled to two different places which should be exempt, but when so engaged in business in these two different ways, which of the two places where it is carried on shall be exempt is a question of fact for the jury. In this particular case, Cannady was performing his official duties in a room in the courthouse set apart to him by the Commissioners Court. It is clear that he asserted no claim to that room, and that he was occupying it really upon sufferance. There his official duties were performed; but because he may have performed his official duties at that particular place he could claim no exemption in that property, because it was removed from the reach of his creditors independent of the question of exemption, and he had no right in it, nor neither did his creditors, except a naked occupancy, by consent of the Commissioners Court. His official duties might well be performed there, and still his business as a shoemaker might continue upon the premises in controversy. A merchant who is elected to an office the duties of which are not incompatible with his private business, does not necessarily have to retire from his mercantile pursuit, but he can well continue that business and at the same time perform his official duties.

We have examined the assignments of errors criticising the charge of the court, and those wherein it is contended that the court erred in refusing certain charges, and conclude that no reversible error is shown. The main charge of the court and those that were given at the instance of the appellant, really presented all the issues that were proper to be submitted to the jury.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*